IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE PARKS, | ) | 1:09-CV-1314 AWI GSA |
| | ) | |
| Plaintiff, | ) | ORDER ON DEFENDANTS' |
| v. | ) | MOTION TO DISMISS |
| | ) | |
| BOARD OF TRUSTEES OF THE | ) | |
| CALIFORNIA STATE UNIVERSITY, | ) | |
| PAUL BEARE, JOHN WELTY, | ) | |
| JANETTE REDD-WILLIAMS, JANICE | ) | |
| PARTEN, JERI ECHEVERRIA, and | ) | |
| DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

    This is a civil rights case brought by pro se Plaintiff Joe Parks ("Parks") against his employer Defendant Board of Trustees of the California State University ("the Trustees") and various administrative personnel of the Trustees. In the First Amended Complaint ("FAC"), Parks alleges violations of the California Fair Employment and Housing Act (California Government Code § 12940) ("FEHA") and Title VII (42 U.S.C. § 2000e-2). Parks claims discrimination based on his race (African American) and his age (he is 65). The Defendants move to dismiss the FAC under Rule 12(b)(6). Parks has filed no opposition to Defendants' motion. For the reasons that follow, the motion will be granted in part and denied in part.

**BACKGROUND**

Parks was hired by the Trustees as an education professor in August 1998 and is currently one of two African American professors at the Kremen School of Education and Human Development at California State University – Fresno ("CSUF"). From the Fall semester 2007 to the Fall semester 2009, Defendants Paul Beare ("Beare"), Janette Redd Williams ("Williams"), and Janice Parten ("Parten") "subjected Parks to harassment, differential treatment, adverse action and adverse treatment, including but not limited to: (a) verbal harassment; (b) unjustified performance criticism; (c) treatment that was likely to impair a reasonable employee's job performance; and (d) inconsistent application of . . . employment policies to [Park]." FAC at ¶ 15. Parks alleges that his race, age (65 years old), and complaints about discrimination were a motivating reason for his treatment.

Parks identifies the following acts against him by Defendants: (1) he was assigned the "burdensome" responsibility of supervising student teachers in Fresno County; (2) his class assignments were reduced because he complained about the discriminatory nature of the supervisor assignment; (3) he was removed from teaching a master's level class because four white women indicated that they would not be taught by a "Black male Professor;"[1] (4) Beare and Williams openly encouraged students to complain directly to them about Parks (which appears contrary to established protocol);[2] (5) in February 2008, Williams, at the direction of Gail Baker and/or Defendant John Welty, suspended Parks (and prohibited him from entering campus) for "many months" for making threats against students, even though a police investigation had cleared Parks of any alleged threat;[3] (6) Defendants, including Parten, for many months delayed issuing a report regarding the alleged threats, even though other reports were

---

[1] This incident appears to be alleged twice, and appears to have occurred in September 2007. See FAC at ¶¶ 17, 19.

[2] This incident appears to be alleged twice, and appears to have occurred in the Fall 2008 semester. See FAC at ¶¶ 18, 23.

[3] Parks alleges that these actions were publicized to students and that Defendants knew the alleged threats were false, unsubstantiated, and made by hostile witnesses. See FAC at ¶ 20. Defendants also asked Parks to retire and Beare became upset when Parks refused. See id.

2

completed in 30 days; (7) Defendants, including Parten, gave Parks another "Letter of Reprimand" on July 30, 2008, and did not give Parks an opportunity to defend himself against the false student complaints; and (8) in November 2008, Parks complained of the adverse treatment and Defendants subjected him to adverse action, including written discipline and limiting his duties.  Parks alleges that this conduct constitutes a continuing violation.  See FAC at ¶ 25.

On October 30, 2009, Parks filed a complaint with the California Department of Fair Employment and House ("DFEH").  See FAC at Exhibit A.  The DFEH closed the case and issued a right to sue letter on the same day.  See id.

In the FAC, Parks alleges a FEHA retaliation claim, a FEHA claim based on racial discrimination, a FEHA claim based on age discrimination, a Title VII claim based on racial discrimination, and an unspecified Hostile Work Environment claim based on race.  The FEHA and Title VII claims are alleged against the Trustees only.  The Hostile Work Environment claim is alleged against all Defendants.

## LEGAL FRAMEWORK

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court must also assume that general allegations embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true allegations that are merely conclusory,

unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, to "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Twombly, 550 U.S. at 570; see also Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50.  "In sum, for a complaint to survive a motion to dismiss, the non-

conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## DEFENDANTS' MOTION

### I.     Exhaustion of Administrative Remedies Under FEHA

Defendants argue that all FEHA causes of action should be dismissed because Parks did not timely exhaust his administrative remedies. Under FEHA, a plaintiff must file an administrative charge within one year of the discriminatory act. Here, the last act identified in the FAC occurred on July 30, 2008. However, Plaintiff filed his DFEH complaint on October 30, 2009, which is beyond the one year limitations period. Thus, all of Parks's FEHA claims are time barred.

*Legal Standard*

A plaintiff "must exhaust the FEHA administrative remedies before brining suit on a cause of action under [FEHA] or seeking the relief provided [by FEHA] . . . ." Rojo v. Kliger, 52 Cal.3d 65, 88 (1990). Specifically,

> Employees who believe they have been discriminated against generally have one year in which to file an administrative complaint with the DFEH, the agency charged with administering the FEHA. The DFEH is obligated to investigate each complaint and decide whether to file an accusation. If it has not filed an accusation within 150 days, it must offer the employee a right-to-sue letter on request; if it has not filed an accusation within one year, it must issue the employee a right-to-sue letter as a matter of right.

McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 106 (2008). "Exhaustion of these procedures is mandatory; an employee may not proceed in court with a FEHA claim without first obtaining a right-to-sue letter." Id. A FEHA claim may be dismissed

for failure to exhaust administrative remedies.  See Page v. Los Angeles County Probation Dept., 123 Cal.App.4th 1135, 1138 (2005).

*Discussion*

Defendants' argument rests on the assertion that the last discriminatory act identified in the FAC occurred on July 30, 2008.  The assertion, however, is incorrect.  The last discriminatory act identified in the FAC is at Paragraph 24.  That paragraph states that Parks complained about discriminatory conduct and was then given written discipline and limited duties, which was different compared to professors who did not complain and who are not African-American.  See FAC at ¶ 24.  Critically, Paragraph 24 states that this conduct occurred in November 2008.  See id.  Paragraph 24 is incorporated by reference into each of the FEHA claims.[4]  Thus, the last alleged discriminatory acts occurred in November 2008, not July 30, 2008.  Obviously, November 2008 is within one year of October 30, 2009.  See FAC at Exhibit A; McDonald, 45 Cal.4th at 106.  Based on Defendants' argument, dismissal is not appropriate.

## II.    Exhaustion of Administrative Remedies Under Title VII

Defendants argue that the Title VII claim (the Fourth cause of action) should be dismissed because Parks did not exhaust his administrative remedies.  Parks was required to file a complaint with the EEOC within 180 days of the discriminatory act, or 300 days if a claim is pending in a state agency.  Although Parks has attached a right to sue letter as part of his complaint, the letter is only a DFEH letter.  There is no indication of a right to sue letter from, or even a charge filed with, the EEOC.  Further, nothing indicates that an EEOC charge was filed within 300 days of July 30, 2008, i.e. the last identified act of discrimination.

*Legal Standard*

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust her

---

[4] The Fifth cause of action, for hostile environment, is alleged against all defendants and does not identify whether it is brought under state or federal law.  Defendants argue that the claim should be read as being brought under FEHA.  The Court agrees.  Individuals are not liable under Title VII, see Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998), but can be liable for their own harassing conduct under FEHA.  See Cal. Gov. Code § 12940(j)(3); McClung v. Employment Development Dept., 34 Cal. 4th 467, 471 (2004).  Because individuals can be liable under FEHA for harassment and the fifth cause of action is alleged against "all defendants," the Court will read the claim as brought only under FEHA.

administrative remedies." Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001); see Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 626 (9th Cir. 1988). Specifically:

> a person seeking relief under Title VII must first file a charge with the EEOC within 180 days of the alleged unlawful employment practice, or, if . . . the person initially instituted proceedings with the state or local administrative agency, within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). If the EEOC does not bring suit based on the charge, the EEOC must "notify the person aggrieved" that she can file suit. Id. § 2000e-5(f)(1).[5] The notice is accomplished through a right-to-sue letter. Once a person receives an EEOC right-to-sue letter, she has 90 days to file suit. Id. § 2000e-5(f)(1)."

Surrell v. Cal. Water Serv., 518 F.3d 1097, 1104 (9th Cir. 2008).

With respect to filing a charge, the "filing of a *timely* charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court . . . ." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (emphasis added); Sommatino, 255 F.3d at 708. However, "the jurisdictional *scope* of a Title VII claimant's *court action* depends upon the scope of both the EEOC charge and the EEOC investigation." EEOC v. National Educ. Ass'n, 422 F.3d 840, 847 (9th Cir. 2005) (emphasis added); Sommatino, 255 F.3d at 708. When a claimant "seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC." Oubichon v. North Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973); see also B.K.B. v. Maui Police Dept., 276 F.3d 1091, 1100 (9th Cir. 2002); Brown v. Puget Sound Elec. App. & Train. Trust, 732 F.2d 726, 729 (9th Cir. 1984). If a claimant has *never presented* a discrimination charge to the appropriate agency, the district court will not have subject matter jurisdiction. See Sommatino, 255 F.3d at 709-11. In California, because there is a work-share agreement between the entities, a claim filed with the DFEH is deemed filed with the EEOC. Surrell, 518 F.3d at 1104.

With respect to a right to sue letter, the "failure to obtain a right to sue letter does not preclude federal jurisdiction." Surrell, 518 F.3d at 1104. However, there remains the general

---

[5] "Section 2000e-5(f)(1) simply requires the EEOC to issue a notice of right to sue notice if it has failed to file suit or arrange a reconciliation agreement within 180 days." Saulsbury v. Wismer & Becker, Inc., 644 F.2d 1251, 1257 (9th Cir. 1980).

requirement of obtaining a federal right to sue letter. Id. at 1105. Where "a plaintiff is entitled to receive a right to sue letter from the EEOC, a plaintiff may proceed absent such a letter, provided she has received a right to sue letter from the appropriate state agency." Id. A circumstance where a plaintiff is "entitled" to a right to sue letter is when the EEOC fails to bring suit or achieve settlement within 180 days of plaintiff filing of her charge. See Perdue v. Roy Stone Transfer Corp., 690 F.2d 1091, 1093 (4th Cir. 1982) (discussing 42 U.S.C. § 2000-5(f)(1)).

The failure to observe Title VII's exhaustion requirements renders a suit subject to dismissal. Karim-Panahi, 839 F.2d at 626.

*Discussion*

The fourth cause of action is deficient. Parks alleges that he has exhausted his administrative remedies and states that attached to the FAC as Exhibit A "are the right-to-sue letters issued to Plaintiff by the [DFEH] and/or [EEOC]." FAC at ¶ 26. However, Exhibit A does not show exhaustion of administrative remedies. To the contrary, Exhibit A consists of a DFEH charge and a DFEH right to sue letter, both dated October 30, 2009. See FAC Exhibit A. There is no right to sue letter from the EEOC. An EEOC right to sue letter remains a requirement to bringing suit. See Surrell, 518 F.3d at 1104. Further, since the DFEH complaint and right to sue letter are both dated October 30, 2009, the Court is unaware how Parks would be "entitled" to an EEOC right to sue letter. See id. at 1105; cf. Perdue, 690 F.2d at 1093. The Court will dismiss Parks's Title VII claim. See Karim-Panahi, 839 F.2d at 626.

However, on September 25, 2009, Parks filed a letter with the Court that stated in part, "I filed '*pro per*' because I had no other remedy after receiving a 'right to sue' letter from the [EEOC] on April 29, 2009."[6] Court's Docket Doc. No. 14.[7] This suggests that Parks can cure the FAC's deficiency, so amendment will be with leave to amend. If Parks chooses to amend, he should either expressly allege that he received a right to sue letter dated April 29, 2009, from the EEOC or attach a copy of the letter to the amended complaint as an exhibit.

---

[6] Parks also stated that he had filed a complaint with DFEH on January 8, 2009.

[7] The Court considers the letter only for the purpose of determining whether amendment would be futile. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

8

### III. Individual Defendants

The Fifth cause of action, for hostile work environment, is the only cause of action that is alleged against the individual defendants. Defendants Jeri Echeverria ("Echeverria"), John Welty ("Welty"), and Janie Parten ("Parten") move for dismissal.

#### 1. Jeri Echeverria

Echeverria argues that she is only listed in Paragraph 8, and that paragraph merely pleads her name and work title. There are no other allegations against her, and thus, no viable claims.

*Discussion*

The Court has reviewed the FAC and there are no allegations that describe any conduct by Echeverria, wrongful or otherwise. There are no causes of action alleged against Echeverria, and she is essentially a stranger to the FAC. Dismissal is appropriate. However, it is not clear that amendment would be futile. If Parks chooses to amend his complaint and pursue claims against Echeverria, he must expressly allege culpable conduct by Echeverria.

#### 2. John Welty

Welty argues that he is mentioned only in paragraphs 4 and 20. Paragraph 4 pleads Welty's name and work title. Paragraph 20 alleges that Parks was suspended "pursuant to orders from Gail Baker and/or John Welty." This paragraph is ambiguous and shows that Parks does not know who, if anyone, ordered Williams to suspend him. This is not a good faith belief that Welty violated Parks's rights.

*Discussion*

Aside from Welty's title, the FAC mentions Welty's name one other time. Paragraph 20 alleges that Parks was suspended and that Williams suspended Parks "pursuant to the orders of Gail Baker and/or John Welty."[8] FAC at ¶ 20.[9]

The Court agrees with Welty that Parks's allegation against him is deficient. First, under Rule 11, a party's signature on a paper filed with the Court signifies *inter alia* that, "to the best of

---

[8] Gail Baker is not a party to this lawsuit.

[9] Paragraph 20 does not contain Welty's name again, but continues on to allege that Parks's suspension was wrongful, based on a false accusation, Defendants knew that the accusation was false and unsubstantiated, Defendants requested that Parks retire, and Beare became upset when Parks did not retire.

the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. Pro. 11(b)(3); Truesdell v. S. Cal. Permanente Med. Group, 293 F.3d 1146, 1154 (9th Cir. 2002). Parks should know, or at least have a reasonable belief about, what role Welty played in the suspension. If Parks has a reasonable basis for believing that Welty ordered his suspension, either alone or in tandem with Gail Baker, he should simply allege either that "Welty ordered the suspension" or "Baker and Welty ordered the suspension." If Parks does not have a reasonable belief that Welty played a role in the suspension, then Welty should not be a party to this lawsuit since there is no other conduct by Welty identified. Second, the FAC's allegation is unduly ambiguous. By alleging that "Gail Baker and/or John Welty" ordered the suspension, the allegation leaves open the very real possibility that Gail Baker, and not John Welty, ordered the suspension.[10] Parks's allegation hedges too much for a claim to be stated since Welty's name appears nowhere else in the FAC. Again, Parks needs to plainly allege that Welty, not "and/or Welty," engaged in culpable conduct.

Welty will be dismissed from this case. However, since it is not clear that amendment would be futile, dismissal will be with leave to amend.

       3.      Janice Parten

Parten argues that Parks does not describe any actions taken by her that could reasonably be construed as bringing about harassment, discrimination, or adverse action. Adverse action is part of a prima facie case of discrimination, and Parks's conclusory allegations are insufficient.

*Discussion*

Parten's argument is not well taken. At Paragraph 22, Parks alleges that Parten intentionally delayed an investigation (despite having evidence that showed charges against him were unfounded), gave Parks a letter of reprimand, and did not give Parks the opportunity to defend himself. See FAC at ¶ 22. Parks alleges that this was a deviation from employment

---

[10] The Court notes that at another point in FAC Parks stated that Exhibit A consisted of a right to sue letters from the DFEH "and/or" the EEOC. See FAC at ¶ 26. However, Exhibit A consisted of DFEH documents – there was no EEOC right to sue letter.

10

practices and was differential treatment based on race and age. See id.  Therefore, the FAC alleges adverse conduct by Parten against Parks and alleges that the adverse conduct was due to Parks's race and age.  The FAC sufficiently alleges discriminatory conduct by Parten.  Dismissal of Parten is not appropriate.

## CONCLUSION

Defendants move to dismiss all claims in the complaint.  As to the first, second, third, and fifth causes of action under FEHA, Defendants' argument is based entirely on the assertion that the last discriminatory act occurred on July 30, 2008.  However, the last discriminatory act identified in the FAC occurred in November 2008.  Dismissal is inappropriate.

As to the fourth cause of action under Title VII, dismissal is appropriate because Parks has not sufficiently alleged exhaustion of his administrative remedies.  Since a prior submission suggests that Parks has obtained a right to sue letter from the EEOC, dismissal will be with leave to amend.

As to Defendant Echeverria, dismissal with leave to amend is appropriate since the FAC identifies no culpable conduct by Echeverria.

As to Defendant Welty, dismissal with leave to amend is appropriate because the only allegation against Welty is unduly ambiguous and, as pled, contrary to a reasonable belief that Welty engaged in culpable conduct.

As to Defendant Parten, dismissal is inappropriate because the FAC alleges that she engaged in adverse conduct against Parks based on Parks's age and race.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART as follows:
1. Dismissal of the first, second, third, and fifth causes of action is DENIED
2. Dismissal of the fourth cause of action is GRANTED with leave to amend;
3. Dismissal of Defendant Jeri Echeverria is GRANTED with leave to amend;
4. Dismissal of Defendant John Welty is GRANTED with leave to amend;

5.    Dismissal of Defendant Janice Parten is DENIED;

6.    Within fourteen (14) days of service of this order, Plaintiff may file an amended complaint that complies with this order and Federal Rules of Civil Procedure 8 and 11; and

7.    If Plaintiff fails to file an amended complaint, Defendants shall file an answer within twenty-one (21) days of service of this order.

IT IS SO ORDERED.

Dated:   February 2, 2010                      /s/ Anthony W. Ishii
                                                    CHIEF UNITED STATES DISTRICT JUDGE