IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE PARKS, | 1:09-CV-1314  AWI GSA |
| Plaintiff, | ORDER ON DEFENDANTS' MOTION TO DISMISS |
| v. | |
| BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, PAUL BEARE, JOHN WELTY, JANETTE REDD-WILLIAMS, JANICE PARTEN, JERI ECHEVERRIA, and DOES 1-50, | (Doc. No. 26) |
| Defendants. | |

This is a civil rights case brought by pro se Plaintiff Joe Parks ("Parks") against his employer Defendant Board of Trustees of the California State University ("Trustees") and various administrative personnel of the Trustees.[1]  Parks is a professor of education at California State University – Fresno ("CSUF").  The Court previously granted in part and denied in part two motions to dismiss.  The operative complaint is the Second Amended Complaint ("SAC").  Defendants John Welty ("Welty") and Jerri Echeverria ("Echeverria") now move to dismiss the claims against them in the SAC.  For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

---

[1] The parties are familiar with the factual background of this case, which the Court has discussed in its two prior dismissal orders.  See Court's Docket Doc. Nos. 15, 24.

**LEGAL FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994). But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, to "avoid a Rule 12(b)(6)

dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Twombly, 550 U.S. at 570; see also Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### DEFENDANTS' MOTION

*Defendant's Argument*

Defendants argue that there are insufficient facts alleged against them.  With respect to Echeverria, the SAC only mentions her in paragraph 8.  Paragraph 8 simply identifies Echeverria as a defendant and alleges that she is the provost of CSUF.  There are no allegations that

Echeverria did any wrongdoing.

Similarly, Welty's name appears twice in the SAC. Paragraph 4 identifies Welty s a defendant and identifies him as the president of CSUF. Paragraph 20 simply alleges that another defendant, Janette Redd Williams, "acted pursuant to the orders of Gail Baker and/or John Welty." However, this allegation is ambiguous and shows that Parks does not know who, if anyone, directed Williams to suspend him.

*Plaintiff's Response*

On March 30, 2010, Parks filed an untimely opposition.[2] Parks states Welty continues to be the president of CSUF and as such is responsible for all matters pertaining to the university. See Court's Docket Doc. No. 30. Parks also states that Welty signed the suspension papers on February 22, 2008, and that the suspension was based on incomplete and false information that had been provided to Welty. See id. As for Echeverria, Parks states she "was the immediate supervisor for Janette Redd Williams and Paul Beare and, therefore, responsible for all actions taken against . . . Parks, concerning his baseless suspension on February 22, 2008." Id.

*Discussion*

1.   Defendant Jerri Echeverria

Defendants are correct that Echeverria's name appears one time in the SAC and the allegation simply identifies Echeverria's name and job title. See SAC at ¶ 8. Just like the prior complaint, the SAC identifies no conduct by Echeverria, wrongful or otherwise. Echeverria is essentially a stranger to the SAC. Dismissal of Echeverria is appropriate because the SAC does not allege any conduct by Echeverria or allege viable claims against her. See Iqbal, 129 S.Ct. at 1949-50; Johnson, 534 F.3d at 1121; Navarro, 250 F.3d at 732.

The Court made the same observations when it dismissed the first amended complaint.

---

[2]This is the third motion to dismiss and, unfortunately, this is also the third time that Parks has failed to file a timely opposition or notice of non-opposition. A disturbing pattern is forming. The time in which to file either an opposition or notice of non-opposition to a motion is explained by Local Rule 230. All litigants who appear before the Eastern District of California, including those appearing *pro se*, are expected to familiarize themselves and comply with the Local Rules. If Parks is unfamiliar with the Local Rules, he is directed to obtain a copy of them either from the Eastern District of California website or from the Clerk's office at 2500 Tulare St., Fresno, California. Parks will be expected, irrespective of his *pro se* status, to follow the Local Rules and the Federal Rules of Civil Procedure.

4

See Court's Docket Doc. No. 24 at 9:9-13.  Parks's opposition indicates that, because Echeverria was the immediate supervisor, she is responsible for the conduct of those she supervised, namely Williams and Beare.  See Court's Docket Doc. No. 30.  In other words, Parks is attempting to make Echeverria vicariously liable for Williams and Beare's conduct.

The SAC contains five causes of action, four of which are alleged against only the Trustees.  The only claim that is made against the individual defendants is the fifth cause of action, which alleges hostile work environment based on race under the California Fair Employment and Housing Act ("FEHA").[3]  See Court's Docket Doc. No. 25.  However, under the FEHA, "a supervisor is not liable to third parties for the acts of his or her subordinates." Fiol v. Doellstedt, 50 Cal.App.4th 1318, 1327 (1996).  A supervisor may be personally liable for harassment under FEHA if he or she actually harasses an employee.  See id.  A supervisor also may be personally liable under FEHA as an "aider and abetter" if the supervisor substantially assists or encourages continued harassment.  See id.  However, "mere inaction by a nonharassing supervisor does not constitute aiding and abetting."  Id.  Parks's opposition indicates that he is attempting to pursue a simple vicarious liability theory against Echeverria.  Such a theory is not cognizable under FEHA as explained by *Fiol*.  See id. at 1326-27.  Since Parks's opposition indicates that he is relying on an inapplicable theory, amendment would be futile at this time.  The Court will dismiss Echeverria without leave to amend.

### 2. Defendant John Welty

Defendants' characterization of the allegations against Welty are correct.  Paragraph 4 identifies Welty's name and job title.  Paragraph 20, which is part of the general factual allegations, indicate that Janette Redd Williams suspended Parks and "acted pursuant to the orders of Gail Baker and/or John Welty."  SAC ¶ 20.

In the Court's prior dismissal order, which Welty relies substantially upon, the Court

---

[3] Like the first amended complaint, the SAC does not state whether the fifth cause of action is alleged under Title VII or FEHA.  In the order on the motion to dismiss the first amended complaint, the Court stated that it would read the fifth cause of action as alleging a hostile work environment under only the FEHA because individuals are not liable under Title VII, but can be liable under FEHA.  See Court's Docket Doc. No. 24 at 6 n.4.  Since Parks did not change the allegations under the fifth cause of action, the fifth cause of action will again be read as alleging a violation of only the FEHA.  See id.

found that the allegation was insufficient based on the use of the phrase "and/or."  See Court's Docket Doc. No. 24 at 9:21-10:17.  Specifically, the Court held that Parks should have a firm idea about what role Welty played in his suspension.  See id.  If Parks has a good faith belief that Welty ordered the suspension, either alone or in tandem with Baker, the Court instructed Parks to allege that "Baker and Welty," not "Baker and/or Welty" ordered the suspension.  See id. Further, the Court had doubts about Parks's use of the term "and/or" because he used that term in a separate section of the complaint that referred to attached documents from the "DFEH and/or EEOC," but the documents were only from DFEH and not the EEOC.  See id.  The previous use of the term "and/or" had given the impression that the attached documents were from both the DFEH and the EEOC.  See id.  Since this was the only allegation against Welty, the Court dismissed Welty.  Despite the Court's order, Parks did not change the allegations.

In his opposition, Parks states that Welty as president of CSUF is responsible for all things that occur at CSUF.  This is basically the same contention Parks made against Echeverria. That is, Parks seeks to hold Welty liable simply by virtue of Welty's job title.  As discussed above, however, Welty may not be vicariously liable under the FEHA due to his status as the president of FSU.  See Fiol, 50 Cal.App.4th at 1326-27.

Parks also states in his opposition that Welty signed the suspension.  This assertion supports a reading of Paragraph 20 that Welty ordered Williams to suspend Parks.  This assertion also clarifies the ambiguity created by the use of "and/or" in Paragraph 20.  See Court's Docket Doc. No. 24 at 9:21-10:17.  Specifically, instead of "Gail Baker and/or John Welty," Parks's opposition shows that John Welty, and perhaps Gail Baker, ordered the suspension.  Since Gail Baker is not a party to this lawsuit, whether she also ordered the suspension is irrelevant.  All that would matter for purposes of this lawsuit is that Welty, who is a defendant, ordered the suspension.

Paragraph 20 also alleges that defendants knew that the basis for the suspension was false, and Paragraph 21 alleges that Parks's suspension constituted differential treatment due to race.  See SAC ¶¶ 20, 21.  One reasonable reading of Paragraphs 20 and 21 is that the suspension was due to Parks's race.  Therefore, Welty's ordering or signing the suspension, read in the light

most favorable to Parks, could constitute participation in race based harassment.  Cf. Judicial Council of California, Civil Jury Instructions § 2522A at ¶ 6 (listing the elements of a FEHA hostile environment claim against an individual defendant and listing the sixth element as, "That [name of the defendant] [*participated in*/assisted/[or] encouraged] the harassing conduct.") (italics added).

The Court realizes that allegations in an opposition cannot save the shortcomings of a complaint.  However, Parks's opposition shows that he can cure the defect of the SAC with respect to Welty simply by striking the word "or."  This is the third motion to dismiss, this case was filed in July 2009, it is now April 2010, and no answers have been filed.  These circumstances, combined with the clarification of the opposition, counsel against requiring Parks to file a third amended complaint so that a single word may be deleted.  The Court will deny Welty's motion to dismiss and instead will strike the word "or" from Paragraph 20, line 22.  The relevant allegation will read that "Williams acted pursuant to the orders of Gail Baker and John Welty."[4]

## **CONCLUSION**

Defendants Echeverria and Welty move to dismiss the claims against them.  Dismissal of Echeverria is appropriate.  No conduct by Echeverria is identified.  Other than being named as a party, she is a stranger to the SAC.  Parks's opposition indicates that he improperly wishes to hold Echeverria vicariously liable based only on her position at CSUF.  Since the opposition shows that amendment would be futile, the Court will dismiss Echeverria without leave to amend.

With respect to Welty, Parks's opposition indicates that Welty signed the suspension.

---

[4]One reading of the opposition is that Welty was deceived by Williams and Beare because they presented false and incomplete information to him.  If Welty was deceived, then the suspension was due to deception and not race.  However, Paragraph 20 indicates that Defendants knew that the basis for the suspension was false.  The Court will read the SAC as alleging that Welty knew that the information he was provided was false.  However, if Parks does not have a reasonable belief, see Fed. R. Civ. Pro. 11, that Welty knew that the information was false, or if Parks is trying to hold Welty liable due only to the conduct of Williams and Beare and Welty's status as president (that is, Welty is responsible for Williams's and Beare's conduct because Welty is president), then Parks has no claim against Welty.  If that is the case, then Parks should file a Rule 41(a) dismissal of Welty.

1  This supports Paragraph 20's contention that Welty ordered Williams to suspended Parks.
2  Further, the assertion clarifies the ambiguities created by Parks's particular use of "and/or."  The
3  opposition shows that Welty indeed engaged in affirmative conduct.  Given the posture of this
4  case, and that the ambiguity created by the use of "and/or" may be resolved by striking the word
5  "or," the Court will deny dismissal and will instead strike the word "or" from the phrase "and/or"
6  in Paragraph 20.

   Accordingly, IT IS HEREBY ORDERED that:
1. Defendant Echeverria's motion to dismiss is GRANTED without leave to amend;
2. Defendant Welty's motion to dismiss is DENIED;
3. The word "or" in the phrase "and/or" at Paragraph 20, line 22 of the SAC is STRICKEN; and
4. The remaining defendants are to file an answer within fourteen (14) days of service of this order.

IT IS SO ORDERED.

Dated:   **April 16, 2010**              **/s/ Anthony W. Ishii**
                                    CHIEF UNITED STATES DISTRICT JUDGE